**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

JERMAINE MILTON                                                    CIVIL ACTION

VERSUS                                                              NO. 10-3216

MARLIN GUSMAN, CRIMINAL                                            SECTION "S"(1)
SHERIFF, ORLEANS PARISH

**REPORT AND RECOMMENDATION**

Plaintiff, Jermaine Milton, a state prisoner, filed this civil action pursuant to 42 U.S.C. §

1983 against Orleans Parish Sheriff Marlin Gusman.  In the complaint, plaintiff states his claims as

follows:

> I injured my back from flooding water due to a broken pipe in the shower area on our
> tier.  My cell is next to the shower.  Also the authorities keep us locked in our cells
> twenty-three hours a day and we are forced to eat our food near unsanitary toilets.
> We are being ignored concerning our complaints.  This facility cannot accommodate
> inmates with lengthy prison sentences.[1]

As relief, he seeks only monetary damages.[2]

I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any

event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. §

1915A(a).  Regarding such lawsuits, federal law further requires:

_____

[1]    Complaint, p. 3.

[2]    Complaint, p. 8.

On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).  The

United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] the undersigned recommends that

plaintiff's complaint be dismissed as frivolous and for otherwise failing to state a claim on which

relief may be granted.

## II.  Plaintiff's Claims

### A.  Slip and Fall/Plumbing Leak

Plaintiff claims that he slipped in water at the jail and injured his back.  However, both the

United States Supreme Court and the United States Fifth Circuit Court of Appeals have ruled that

such "slip and fall" negligence claims simply are not cognizable under 42 U.S.C. § 1983.  See, e.g.,

Daniels v. Williams, 474 U.S. 327 (1986); Noble v. Grimes, 350 Fed. App'x 892, 893 (5th Cir.

2009); Atkins v. Sheriff's Jail Avoyelles Parish, 278 Fed. App'x 438, 439 (5th Cir. 2008);

McLaughlin v. Farries, 122 Fed. App'x 692, 693 (5th Cir. 2004); Beasley v. Anderson, 67 Fed.

App'x 242 (5th Cir. 2003); Benton v. Grant, 31 Fed. App'x 160 (5th Cir. 2001).  Rather, "Section

---

[3]  The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."  Baker v. McCollan, 443 U.S. 137, 146 (1979).

To the extent that plaintiff is complaining about the existence of the plumbing problem, his claim fares no better.  "The Constitution ... does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citations and quotation marks omitted).  A prison sentence "is not a guarantee that one will be safe from life's occasional inconveniences," such as plumbing problems.  Holloway v. Gunnell, 685 F.2d 150, 156 (5th Cir. 1982); see also Rue v. Gusman, Civ. Action No. 09-6480, 2010 WL 1930936, at *5 (E.D. La. May 11, 2010); Davis v. St. Charles Parish Corr. Center, Civ. Action No. 10-98, 2010 WL 890980, at *9 (E.D. La. Mar. 8, 2010).

## B.  Extended Cell Time

Plaintiff next complains that he is locked in his cell for twenty-three hours per day.  Even if that is true, it is not an atypical, significant deprivation in a prison setting, and it does not rise to the level of a constitutional violation.  Argue v. Hofmeyer, 80 Fed. App'x 427, 429 (6th Cir. 2003); Hill v. Pugh, 75 Fed. App'x 715, 721 (10th Cir. 2003); Figueroa v. Dinitto, 52 Fed. App'x 522, 523 (1st Cir. 2002); Smith v. Romer, No. 96-1211, 1997 WL 57093, at *2 (10th Cir. Feb. 11, 1997); Smith v. Beatty,  No. 95-1493, 1996 WL 166270, at *1 (7th Cir. Apr. 5, 1996).

Moreover, in any event, plaintiff has sought only compensatory damages in this lawsuit. However, federal law provides:  "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody

without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  Because plaintiff has suffered

no physical injury as result of the extended cell time, he is barred from recovering the requested

compensatory damages.  Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001); see also

Mayfield v. Texas Department of Criminal Justice, 529 F.3d 599, 605-06 (5th Cir. 2008); Massingill

v. Livingston, 277 Fed. App'x 491, 493 (5th Cir. 2008); Delafosse v. Stalder, 169 Fed. App'x 922

(5th Cir. 2006).

### C.  Unsanitary Eating Conditions

Plaintiff also claims that prison eating conditions are unsanitary because inmates must eat

in the vicinity of the toilets.  While that situation may be unpleasant, it is not unconstitutional.

Gabriel v. Gusman, Civ. Action No. 10-1688, 2010 WL 3169840, at *6 (E.D. La. July 16, 2010),

adopted, 2010 WL 3175045 (E.D. La. Aug. 10, 2010); Lathers v. Nelson Coleman Correctional

Center, Civ. Action No. 10-128, 2010 WL 1489903, at *11 (E.D. La. Mar. 22, 2010), adopted, 2010

WL 1485468 (E.D. La. Apr. 13, 2010); Davis v. St. Charles Parish Correctional Center, Civ. Action

No. 10-98, 2010 WL 890980, at *9 (E.D. La. Mar. 8, 2010); Morrison v. Gusman, Civ. Action No.

10-217, 2010 WL 724173, at *5 (E.D. La. Feb. 22, 2010);  Hill v. Smith, Civ. Action No. 09-0811,

2010 WL 148272, at *6-7 (W.D. La. Jan. 12, 2010).  Further, this claim is likewise barred by 42

U.S.C. § 1997e(e) due to the lack of a physical injury.

### D.  Unresponsive Complaint Procedure

Plaintiff next complains that officials ignore inmate complaints.  However, even if that is

true, such unresponsiveness is not actionable.  An inmate does not have a constitutional right to an

adequate and effective grievance procedure or to have his complaints investigated and resolved to

his satisfaction.  Propes v. Mays, 169 Fed. App'x 183, 184-85 (5th Cir. 2006); Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *5 (E.D. La. Mar. 8, 2010); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009); Tyson v. Tanner, Civ. Action No. 08-4599, 2009 WL 2883056, at *5 (E.D. La. Aug.  25, 2009); George v. Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *7 (E.D. La. May 10, 2007); Mahogany v. Miller, Civ. Action No. 06-1870, 2006 WL 4041973, at *1 (E.D. La. Aug. 3, 2006), appeal dismissed, 252 Fed. App'x 593 (5th Cir. 2007).

### E.  Substandard Conditions

Lastly, plaintiff simply states that the facility conditions are inadequate to accommodate long-term inmates.  However, such conclusory allegations that prison conditions are substandard fail to state a claim on which relief may be granted.  Gabriel v. Gusman, Civ. Action No. 10-1688, 2010 WL 3169840, at *3 (E.D. La. July 16, 2010), adopted, 2010 WL 3175045 (E.D. La. Aug. 10, 2010); Spurlock v. Gusman, Civ. Action No. 10-991, 2010 WL 2102829, at *4 (E.D. La. May 5, 2010), adopted, 2010 WL 2102825 (E.D. La. May 25, 2010); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *4 (E.D. La. Oct. 1, 2009); Friedland v. Hayman, Civ. Action No. 06-2583, 2006 WL 3359716, at *10 (D.N.J. Nov. 16, 2006).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from

a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415,

1430 (5th Cir. 1996) (en banc).[4]

     New Orleans, Louisiana, this twenty-seventh day of September, 2010.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[4]   Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

7